## In re TONG AH CHEE.

*(District Court, D. California.* November 14, 1883.)

CHINESE IMMIGRATION—ACT OF 1882.

A Chinese laborer, who left the United States after the act of May 6, 1882, went into effect, and who deliberately, and with full knowledge of the law, omitted to apply for his certificate, for the reason that he had no expectation or hope of ever returning to the United States, is not entitled to return.

On *Habeas Corpus.*

*S. G. Hilborn,* U. S. Atty., for the United States.

*Messrs. Van Duzer* and *Teare,* for petitioner.

HOFFMAN, J. The petitioner in this case claims the right to re-enter the United States on the ground that he was a resident of the United States at the date of the treaty, and is therefore protected by its second article. He admits that he is a Chinese laborer; that he left the United States after the law of May 6, 1882, went into effect; and that he voluntarily omitted to procure the certificate in that law mentioned, for the reason that he had no expectation of returning to the United States. The third section of the act of May 6, 1882, is as follows:

"That the two foregoing sections shall not apply to Chinese laborers who were in the United States on the seventeenth day of November, 1880, or who shall have come into the same before the expiration of ninety days next after the passage of this act, *and who shall produce to such master, before going on board such vessel, and shall produce to the collector of the port in the United States at which such vessel shall arrive, the evidence hereinafter in this act required of his being one of the laborers in this section mentioned.*"

Under this section it has recently been held by this court that the Chinese laborers referred to were those who were in the United States at the periods mentioned, and who might leave the United States after the act went into effect, but that the act could not be construed to require the production of the certificate from those laborers who left the United States before the passage of the law or before it went into effect. It was considered by the court that the second article of the treaty secured to Chinese laborers in the United States at the date of the treaty the right "to go and come of their own free will and accord," and that it could not have been the intention of congress to deprive them of this right by exacting from them as a condition of its exercise the production of a certificate which it was impos-

sible for them to procure. But it was also considered that Chinese laborers leaving the United States *after* the law went into effect, and who might wish to avail themselves of the privilege of returning, secured to them by the second article of the treaty, might properly, and without a violation of the letter or spirit of the treaty, be required to procure the certificate, which the act directs shall be furnished to them without charge, as a means of identification, and as furnishing the test, if not the only method, of preventing evasions of the law.

In the case at bar the petitioner deliberately, with full knowledge of the law, omitted to apply for his certificate, for the reason that he had no expectation or hope of ever returning to the United States. He has thus by his own act of omission renounced the right secured to him by the treaty, by neglecting to procure the evidence of that right, which the law requires, and which it was entirely within his power to obtain. I am therefore of opinion that the application of the petitioner should be denied.